**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen E. Reader,<br><br>      Plaintiff,<br><br>vs.<br><br>BAC Home Loan Servicing LP, et al.,<br><br>      Defendants. | No. CV 11-02461-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff's motion to remand (doc. 7), defendants' response (doc. 12), plaintiff's reply (doc. 15), defendants' motion to dismiss (doc. 8), plaintiff's response (doc. 10), and defendants' reply (doc. 13). We also have before us plaintiff's motion to disqualify counsel (doc. 9), plaintiff's affidavit in support (doc. 14), defendants' response (doc. 17), and plaintiff's reply (doc. 18), plaintiff's request for extension of time (doc. 16), and defendants' response (doc. 19).

**I**

Plaintiff bought a house in Mesa, Arizona in March, 2007, financed in part by a $650,000 loan secured by a deed of trust for which MERS was named the beneficiary. On January 14, 2010, MERS assigned its beneficial interest under the deed of trust to the Bank of New York Mellon ("BNYM") and defendant ReconTrust Co. was appointed as successor

trustee. Complaint, exs. 3 and 4. BAC Home Loan Servicing LP ("BAC"), which merged with and into Bank of America, N.A. ("BANA") is the servicer of this mortgage loan. (Doc. 8, ex. C).

Plaintiff eventually defaulted and BAC mailed her notices of intent to accelerate in May, June, July, and August 2009. Plaintiff pursued various loan modifications and qualified for a trial period under the Making Homes Affordable program. She submitted payments for eleven months but ultimately was told her loan would not be modified. A trustee's sale was noticed but has not yet occurred.

**II**

Diversity jurisdiction is the only basis for removal of this action. If the matter in controversy exceeds the sum or value of $75,000, the action is between citizens of different states, and none of the defendants is a citizen of Arizona, then diversity jurisdiction exists and this action is removable. 28 U.S.C. §§ 1332(a), 1441(a)-(b). At one point plaintiff concedes that "diversity jurisdiction technically applies." (Doc. 7 at 13). However, she raises three arguments against our jurisdiction which we address below. Plaintiff claims this action does not involve the necessary amount in controversy, removal was untimely, and we should decline jurisdiction in any event based on Younger abstention.

Plaintiff's contention that the amount in controversy requirement is not met is contrary to the allegations of her complaint. She claims her damages will total less than $20,000 (doc. 15 at 5), yet her complaint clearly seeks damages well in excess of the necessary $75,000. Complaint ¶¶ 141 (breach of contract resulted in damages in excess of $150,000), 154 (breach of deed of trust resulted in damages in excess of $150,000), 159 (damages from anguish and mental distress exceed $150,000), 165 (wrongful foreclosure resulted in damages in excess of $150,000). She also asks for a declaration that her obligation on the note, which secures a debt of $650,000, has been discharged in full. Complaint ¶¶ 181, 14. This lawsuit clearly involves more than the necessary amount in controversy.

Plaintiff contends that defendants' removal was untimely. 28 U.S.C. § 1446(b) provides that a notice of removal must be filed "within thirty days after the receipt by the

- 2 -

defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons." Defendant BANA was served on November 10, 2011 and defendant ReconTrust Co. was served on November 18, 2011. (Doc. 12, ex. A). Defendants state that BNYM was served on November 25, 2011 (doc. 12 at 3, ex. B at 1). Plaintiff disputes this, alleging that "the record shows clearly that BNYM was served on November 23, 2011" but provides no citation to the record to support her statement. (Doc. 15 at 2). Finally, defendant MERS has apparently not yet been served. Supplemental Civil Cover Sheet (doc. 1, ex. B). Defendants filed their notice of removal on December 13, 2011.

The United States Court of Appeals for the Ninth Circuit recently adopted the later-served rule, allowing each defendant thirty days to exercise his removal rights after being served. Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). As a result, BNYM and ReconTrust, Co. both acted well within their time limits for removal. The remaining served defendant, BANA, joined in the petition for removal and thus the unanimity rule is not at issue. Because removal was timely, we proceed to address plaintiff's contention that we should abstain from exercising our jurisdiction over this case.

Plaintiff relies on Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971) to support abstention. But Younger cautions federal courts to not interfere in an ongoing state proceeding. There is no ongoing state proceeding because plaintiff's state litigation ended once the notice of removal was filed. As a result, the first criterion for Younger abstention is not satisfied. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982).

No other abstention doctrine applies to this case. Because plaintiff is not asking us to decide novel state issues or disrupt state efforts to establish policy, Thibodaux and Burford are inapplicable. Cf. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S. Ct. 1070 (1959); Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098 (1943). Pullman abstention is similarly inappropriate because this case does not raise federal constitutional questions. Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 498, 61 S. Ct. 643, 644 (1941). Because removal was proper and no abstention doctrine applies, we proceed to

consider defendants' motion to dismiss.

**III**

Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's first claim is for an injunction against the trustee's sale. To obtain an injunction, plaintiff must establish that she is likely to succeed on the merits. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). Her theories do not establish a likelihood of success. Plaintiff alleges that MERS did not have authority to assign the deed of trust, defendants are in breach of the notice requirements of the deed of trust, and defendants do not own or hold the note. However, plaintiff "failed to show that the designation of MERS as a beneficiary caused [her] any injury" or "that the alleged illegalities associated with the MERS system injured [her] or violated state law." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042, 1046 (9th Cir. 2011). As discussed more fully below, several notices of acceleration were sent to plaintiff according to the procedures specified in paragraph 15 of the deed of trust (doc. 8, exs. A and C).[1] Plaintiff's last reason for requesting an injunction, the show-me-the-note theory, has been firmly rejected by courts in this District and elsewhere. See, e.g., Mansour v. Cal-Western Reconveyance

---

[1] We may consider these documents without converting the motion to dismiss into a motion for summary judgment because plaintiff referred to them in her complaint and does not question their authenticity. Inlandboatmens Union of the Pacific v. Dutra Group, 279 F.3d 1075, 1083 (9th Cir. 2002).

1 | Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009).

Plaintiff's second claim for relief is "Breach of Contract: Promissory Estoppel" and her third claim is "Specific Performance: Promissory Estoppel." Arizona has adopted the definition of promissory estoppel found in the Restatement (Second) of Contracts, § 90 (1981) which provides: "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." See Chewning v. Palmer, 133 Ariz. 136, 138, 650 P.2d 438, 440 (1982) (adopting § 90). Plaintiff contends that BAC breached its promise by declining to modify plaintiff's loan, but there is no showing that a promise to permanently modify her loan was actually made. The Consent Judgment between the state of Arizona and BAC's predecessors does not create an enforceable contract between plaintiff and defendants. The deed of trust also fails to provide a basis for her claim. Nowhere within this contract is there a promise to modify plaintiff's loan. In fact, it provides that her lender "may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payment in the future." Complaint, ex. 1 at 3. Plaintiff has not shown the first element necessary for a claim based on promissory estoppel.

The fourth cause of action is breach of the deed of trust contract. "To prevail on a claim for breach of contract, the plaintiff must prove the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." Frank Lloyd Wright Found. v. Kroeter, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010). Plaintiff alleges that defendants failed to comply with paragraph 22 of the deed of trust, which requires the lender to give notice to the borrower prior to acceleration. Complaint, ex. 1 ¶ 22. She contends that she was not given notice of the intent to accelerate thirty days prior to the date by which a default must be cured. Yet the notices sent to plaintiff contained the information required by paragraph 22. They stated that if default was not cured by a certain date, "the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full." (Doc. 8, ex. C). Defendants had the

contractual right to accelerate thirty days after the first notice. Plaintiff never cured her default and the deed of trust does not require a new notice to be sent each time a payment is missed. In addition, plaintiff fails to show how she was damaged by any failure to receive a pre-acceleration notice because she did not plead that she was ready, willing, and able to cure her default. Plaintiff fails to state a claim upon which relief can be granted for breach of the deed of trust contract.

Plaintiff's fifth claim is for tortious interference with the use and enjoyment of property. This tort is not recognized in Arizona and plaintiff therefore fails to state a claim. See Bean v. BAC Home Loans Servicing, L.P., No. 11-CV-553-PHX-GMS, 2012 WL 10349, at *4 (D. Ariz. Jan. 3, 2012); Schrock v. Fed. Nat'l Mortg. Ass'n, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *8 (D. Ariz. Aug. 3, 2011).

Plaintiff's sixth claim is for wrongful foreclosure. "Arizona state courts have not yet recognized a wrongful foreclosure cause of action." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). In states that do recognize such claims, they are typically available only after foreclosure and are premised on allegations that the borrower was not in default. Id. at 1043-44. Because plaintiff's home has not been sold and she is in default, she has failed to state a claim.

The seventh claim asserted is quiet title. In an action to quiet title, if an unsatisfied balance is due to a trustee, "the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien." Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Plaintiff has not paid off her mortgage loan or shown that she is ready, willing, and able to do so. As a result, plaintiff has not adequately pled the elements of a quiet title action.

Plaintiff's eighth claim is for violation of A.R.S. § 33-420. A claim will lie under this statute against "[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid . . ." A.R.S. § 33-420(A). She claims the notice of trustee sale, corporate assignment of deed of trust, and

substitution of trustee were all fraudulently filed.

Plaintiff is neither involved with nor affected by the assignment or substitution. As a result, she cannot demonstrate a concrete and particularized injury and therefore lacks standing to challenge their validity. See In re Mortg. Elec. Registration Sys. (MERS) Litig., MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011). Moreover, this statute applies only to "some sort of document purporting to create an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself. . . . The Court could locate no authority applying this statute to assignments of mortgages and notices of trustee's sales." Schayes v. Orion Fin. Group, Inc., No. CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011). There can be no claim for a violation of A.R.S. § 33-420 based on these documents.

Finally, plaintiff seeks declaratory relief under A.R.S. § 12-1831, but her requested declarations hinge on meritless theories. First, separating the note from the deed of trust does not render the note unsecured and unenforceable. See, e.g., Schrock v. Fed. Nat'l Mortg. Ass'n, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *5 n.5 (D. Ariz. Aug. 3, 2011); Maxa v. Countrywide Loans, Inc., No. CV10-8076-PCT-NVW, 2010 WL 2836958, at *3-5 (D. Ariz. July 19, 2010). Second, the elements of the impracticability defense are not met here. A duty to perform is discharged through impracticability only if a supervening event occurs, the non-occurrence of which must have been a basic assumption on which the contract was made. "The continuation of existing market conditions and of the financial situation of the parties are ordinarily not such assumptions, so that mere market shirts or financial inability do not usually effect discharge . . . ." Restatement (Second) of Contracts § 261 cmt. b (1981). Similarly, the frustration defense applies when a party's principal purpose is substantially frustrated by a supervening event, the non-occurrence of which was a basic assumption. Id. § 265. "The frustration must be so severe that it is not fairly to be regarded as within the risks that [the party] assumed under the contract." Id. § 265 cmt. a; see also 7200 Scottsdale Road Gen. Partners v. Kuhn Farm Mach., Inc., 184 Ariz. 341, 351, 909 P.2d 408, 418 (Ct. App. 1995) ("mere economic impracticality is no defense to performance of a contract"). Third,

1  even if a third party has technically paid the balance of plaintiff's loan to her lender, the
2  benefit did not accrue to her as the homeowner and she is still in default. See, e.g., Dumont
3  v. HSBC Mortg. Corp., USA, No. CV-10-1106-PHX-MHM, 2010 WL 3023885, at *6 (D.
4  Ariz. Aug. 2, 2010). Plaintiff's requested declaratory relief is denied.

## IV

Plaintiff submitted a motion to disqualify defendants' counsel (doc. 9). Not only does she supply no legal basis for this motion, her supporting factual allegations are untrue. She claims counsel committed fraud by filing an untimely notice of removal. The exhibits clearly show that defendants filed a notice of removal in Superior Court before plaintiff filed an application for entry of default. And, as discussed above, defendants' removal was timely under 28 U.S.C. § 1446(b). There is no basis to disqualify defendants' counsel.

## V

We also have a request for extension of time from the plaintiff to file an opposition to the motion to dismiss (doc. 16) and defendants' response (doc. 19). Plaintiff filed this request after the motion to dismiss was fully briefed. In addition, we have considered plaintiff's arguments and find they would not be advanced by additional briefing.

**IT IS THEREFORE ORDERED DENYING** plaintiff's request (doc. 16) as moot.

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 7) and plaintiff's motion to disqualify counsel (doc. 9).

**IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss (doc. 8).

We urge plaintiff to consult with a lawyer. If she does not have one, she may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge