1   WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Helen E. Reader,                          No. CV-11-02461-PHX-FJM

10                         Plaintiff,          **ORDER**

11  v.

12  Bank of America NA, et al.,

13                         Defendants.

14

15          The court of appeals has asked us to "reconsider Reader's claims for promissory

16  estoppel" in light of its intervening opinion in *Corvello v. Wells Fargo Bank,* 728 F.3d

17  878(9th Cir. 2013) and to "reconsider ['Reader's claim for violation of Ariz. Rev. Stat.

18  sec. 33-420'] in light of intervening state case law." Mandate at 3 (Doc. 28-1). It also

19  remanded Reader's request for injunctive relief which in turn was dependent on the

20  reconsideration of the two remanded substantive claims. *Id.* at 4. In all other respects,

21  our prior dismissal was affirmed. We gave the parties an opportunity to engage in

22  discovery and motion practice on the two remanded issues. Scheduling Order of October

23  23, 2014 (Doc. 32).

24          We now have before us "Defendants' Motion for Summary Judgment" (Doc. 45),

25  "Statement of Facts" (Doc. 46), "Plaintiff's Cross Motion for Summary Judgment" (Doc.

26  54), "Statement of Facts" (Doc. 55), "Defendants' Opposition" (Doc. 60), "Controverting

27  Statement of Facts" (Doc. 61), "Plaintiff's Reply" (Doc. 62), "Plaintiff's Response and

28  Objection to Defendants' Second Pleading of a Statement of Facts" (Doc. 63), and,

1    "Plaintiff's Request for Mandatory Judicial Notice" (Doc. 64).  We note that plaintiff is

2    proceeding pro se and has misapprehended the rules relating to motion practice.  Instead

3    of filing a Response to Defendants' Motion for Summary Judgment, she filed a Cross

4    Motion.  But the Cross Motion was out of time because it was not filed within the Rule

5    16 Scheduling Order's deadline for filing motions for summary judgment.  She also

6    exceeded the page limits without leave of court.  Without excusing these violations, and

7    for the sole purpose of resolving this case on its merits, we construe plaintiff's cross

8    motion as a response to defendants' motion for summary judgment.  We acknowledge

9    that as a practical matter it makes little difference.  We note also that plaintiff's papers fail

10   to acknowledge the limited nature of the remand.  We address only the remanded claims.

11   All other contentions and arguments are precluded by the prior order of dismissal

12   affirmed on appeal.

13           I.  Promissory Estoppel/*Corvello*

14           *Corvello* holds that a bank is required to offer a permanent modification to a

15   borrower who completes all its obligations under a trial period plan unless the bank

16   timely notifies the borrower that the borrower does not qualify for a modification.

17   Defendants contend that they, indeed, did notify plaintiff that she did not qualify.  They

18   rely on a letter dated November 1, 2010 they sent to plaintiff stating that her "loan is not

19   eligible for a Home Affordable Modification because we are unable to create an

20   affordable payment equal to 31% of your reported monthly gross income without

21   changing the terms of your loan beyond the requirements of the program."   Exhibit B to

22   Affidavit of Melissa Davidson (Doc. 46-2, at 22).  Although plaintiff asserts that she did

23   not receive the letter, Cross Motion at 25, her assertion is not under oath.  Moreover, she

24   acknowledges under oath that she was informed of her denial of modification "after she

25   contacted BANA on or about March 2010."   Plaintiff Helen E. Reader Affidavit,

26   paragraph 7 at 2 (Doc. 55).  There is thus no genuine issue of material fact over the

27   bank's notification that plaintiff did not qualify.  This means that under *Corvello* the bank

28   was not required to offer plaintiff a permanent modification even if she completed her

1  obligations under the trial period plan.

2       II.  A.R.S. sec. 33-420

3       A Notice of Trustee Sale, a Notice of Substitution of Trustee, and an Assignment

4  of Deed of Trust are interests in property within the meaning of A.R.S. sec. 33-420.

5  *Stauffer v. US Bank National Assoc.,* 308 P.3d 1173 (Ariz. App. 2013).   A property

6  owner has standing under A.R.S. sec. 33-420.  *Sitton v. Deutsche Bank National Trust*

7  *Co.,* 311 P.3d 237 (Ariz. App. 2013).  But the misrepresentations must be material to the

8  property owner or else there is no claim under the statute.  *Id.* at paragraphs 27 and 28.

9  Here, as in *Sitton,* plaintiff's obligations arise under the note.  "Her liability on the note

10  remained the same no matter who was assigned as beneficiary, or when.   The

11  misrepresentations in the recorded assignments were therefore immaterial to her as a

12  matter of law."  *Sitton* at paragraph 33.  Thus, plaintiff is not helped by intervening

13  developments in Arizona law.

14       III. Request for Injunctive Relief

15       Plaintiff's request for injunctive relief against the trustee's sale is dependent upon

16  the remaining two substantive claims.  But, as we have shown, defendants are entitled to

17  summary judgment on the remaining claims.  Accordingly, defendants are entitled to

18  summary judgment on the request for injunctive relief as well.

19       IV.  Conclusion

20       Because there are no genuine issues of material fact and because defendants are

21  entitled to judgment as a matter of law, it is ORDERED GRANTING defendants' Motion

22  for Summary Judgment (Doc. 45), and DENYING plaintiff's Cross Motion for Summary

23  Judgment (Doc. 54).

24       All pending hearings and deadlines are vacated.  The Clerk is directed to terminate

25  this case and enter final judgment in favor of defendants.

26       Dated this 3rd day of August, 2015.

27

28

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 3 -